# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK OKEY,** | : | **CIVIL NO. 1:CV-12-00609** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **CPT DANIEL STREBIG, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Patrick Okey, an inmate currently confined at the State Correctional Institution in Mercer, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983 with a *pro se* complaint on April 3, 2012, as amended June 1, 2012. (Doc. 11.)  In the amended complaint, Plaintiff claims that on May 26, 2010, while incarcerated at the York County Prison in York, Pennsylvania, he was assaulted by fellow inmates at the behest of Defendant Captain Strebig.  (*Id*. at 3.)  Plaintiff also claims that he has suffered mental anguish while confined in segregation "for years" at York County Prison.  (*Id*.)  He claims that he submitted grievances to Defendant Warden Doll regarding both the assault and his continued confinement in segregation, but "nothing was done."  (*Id*.)  Plaintiff seeks monetary and declaratory relief.

Defendants Strebig and Doll have filed a motion to dismiss the amended complaint, arguing that Plaintiff has failed to state a valid cause of action against either of the named Defendants.  (Doc. 14.)  For the reasons set forth below, the court

will grant the motion to dismiss as to Defendant Doll. The court will deny the motion to dismiss as to Defendant Strebig, and Plaintiff will be afforded the opportunity to reassert a claim as to this Defendant in an amended complaint.

I.  **Background**

    A.  **Facts**

In the amended complaint, Plaintiff provides the following factual background with respect to his claims. The court notes that for purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the amended complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

On May 26, 2010, at approximately 9:30 p.m., Plaintiff was physically assaulted by four inmates while housed in the York County Prison. (Doc. 11 at 3.) As a result of the assault, Plaintiff's jaw was broken. (*Id*.) Plaintiff avers that on "the day of this assault those inmates mentioned Captain Daniel Strebig of whom instruct[ed] them of my criminal charges and caused unnecessary physical injury." (*Id*.) Related to this assault, Plaintiff avers that he submitted a grievance to Defendant Warden Doll, but "nothing was done." (*Id*.) However, Defendant Warden Doll told him that he would notify the York County District Attorney's Office of the assault. (*Id*.)

Plaintiff also claims that he was "placed in confinement in segregation for years and deprived from [general] population." (*Id.*) He avers that this placement in segregation caused him mental anguish. (*Id.*) Related to this placement, Plaintiff avers that he submitted a grievance to Defendant Warden Doll, but "nothing was done." (*Id.*)

### B. Procedural History

Plaintiff filed his original complaint on April 3, 2012. (Doc. 1.) In addition, he filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) After conducting a preliminary screening pursuant to 28 U.S.C. § 1915, by order dated April 16, 2012, the court granted the motion to proceed *in forma pauperis* and directed Plaintiff to file an amended complaint, as the complaint did not comport with the Federal Rules of Civil Procedure. (Doc. 7.) On May 21, 2012, Plaintiff filed an amended complaint. (Doc. 9.) However, after screening the amended complaint pursuant to 28 U.S.C. § 1915, by order dated May 22, 2012, the court afforded Plaintiff a final opportunity to file another amended complaint, as the first amended complaint again failed to comport with the Federal Rules of Civil Procedure. (Doc. 10.)

Plaintiff filed a second amended complaint on June 1, 2012. (Doc. 11.) By order dated July 5, 2012, the court directed service of the second amended complaint. (Doc. 12.) On September 7, 2012, Defendants filed a motion to dismiss the second

amended complaint. (Doc. 14.) Plaintiff filed a brief in opposition on September 21, 2012. (Doc. 16.) Defendants have not filed a reply brief. Thus, the motion to dismiss is ripe for disposition.

## II.    Standard of Review

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at 555; *accord, e.g., Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not

4

"compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). *See also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). *See Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged").
Further, when a complaint contains well-pleaded factual allegations, "a court should
assume their veracity and then determine whether they plausibly give rise to an
entitlement to relief." *Id*. at 1950. However, a court is "not bound to accept as true a
legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at
555). "Threadbare recitals of the elements of a cause of action, supported by mere
conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations
contained in the complaint, exhibits attached to the complaint and matters of public
record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192,
1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263,
268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that
a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are
based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.
Additionally, "documents whose contents are alleged in the complaint and whose
authenticity no party questions, but which are not physically attached to the pleading,
may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d
Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d
383, 388 (3d Cir. 2002) ("Although a district court may not consider matters

extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.   Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[1] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id*.

In their motion to dismiss, Defendants argue that (1) Plaintiff has failed to state a claim for a violation of his constitutional rights with respect to his placement in segregation, (2) Plaintiff has failed to state an Eighth Amendment claim against

---

[1]   The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

Defendant Captain Strebig with respect to the May 26, 2010 assault, and (3) Plaintiff has failed to state a claim against Defendant Warden Doll. The court will discuss these arguments in turn.

### A. **Placement in Segregation**

In his second amended complaint, Plaintiff claims that he was placed in York County Prison's segregated housing "for years," and resultantly subjected to mental anguish. (Doc. 11 at 3.) It is not clear what type of segregation Plaintiff is referring to, administrative or punitive. As Defendants point out, Plaintiff does not reference "punishment" or aver that this placement in segregation was punishment. (Doc. 15 at 4.) However, Plaintiff seems to claim that the segregated housing restrictions imposed on him, while not set forth in the second amended complaint, constituted an atypical and significant hardship, and implicated his due process rights. In their motion to dismiss, Defendants argue that Plaintiff has failed to state a constitutional claim relating to a liberty interest under the Due Process Clause of the United States Constitution. Upon review, the court agrees with Defendants.

To the extent that Plaintiff's placement in segregation was either administrative or punitive, the relevant inquiry is whether his placement resulted in a violation of his right to due process. The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall deprive any person of life, liberty, or

property, without due process of law." U.S. Const. amend. XIV. In order to determine whether a due process violation has occurred, an initial determination must be made that a protected liberty interest exists, and if so, the next step is to define what process is mandated to protect it. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). An inmate does not possess a liberty interest under the Due Process Clause to be classified in the general population of a prison. *Sheehan v. Beyer*, 51 F.3d 1170, 1175 (3d Cir. 1995). Moreover, prison conditions do not impact a protected liberty interest unless the prison's action imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest. *Id*. at 486. "The determination of what is 'atypical and significant' is based upon the range of conditions an inmate would reasonably expect to encounter." *McKeithan v. Jones*, 212 F. App'x 129, 130 (3d Cir. 2007) (citing *Asquith v. Dep't of Corrections*, 186 F.3d 407, 412 (3d Cir. 1999); *Griffin v. Vaughn*, 112 F.3d 703, 706 n.2 (3d Cir. 1997)). In addition, an inmate placed in administrative custody for a legitimate penological reason could "be required to remain there as long as that need continues." *Griffin*, 112 F.3d at 709.

In *Griffin*, the Third Circuit Court found that confinement of a prisoner in restrictive housing for fifteen (15) months did not implicate a constitutionally protected liberty interest. *Id*. at 706. *See also Thomas v. Rosemeyer*, 199 F. App'x 195 (3d Cir. 2006) (270 days in restrictive housing unit not atypical or significant hardship). Further, in *Griffin*, the Court stated:

> Applying the precepts of *Sandin* to the circumstances before us, we conclude that the conditions experienced by Griffin in administrative custody did not impose on him "atypical and significant hardship," that he was thus deprived of no state created liberty interest, and that the failure to give him a hearing prior to his transfer to administrative custody was not a violation of the procedural due process guaranteed by the United States Constitution.

*Griffin*, 112 F.3d at 706.

The *Griffin* Court concluded that, considering the reasons to transfer inmates from general population to administrative custody, such as inmates deemed to be security risks, stays in administrative custody for many months (*i.e.*, as long as 15 months) are not uncommon. *Id*. at 708. Thus, the *Griffin* Court held that an inmate's transfer to and confinement in administrative custody "did not deprive him of a liberty interest, and that he was not entitled to procedural due process protection." *Id*. Further, this court has repeatedly held that placement of Pennsylvania inmates in the Department of Corrections' Restricted Housing Unit ("RHU") or Special Management Unit program ("SMU") does not implicate their liberty interests. *See Williams v.*

11

*Wickiser*, Civ. No. 1:07-CV-637, 2007 WL 3125019, at *8 (M.D. Oct. 23, 2007) (5 years in RHU is not atypical and significant hardship); *Francis v. Dodrill*, Civ. No. 3:04-CV-1694, 2005 WL 2216582, at *3-5 (M.D. Pa. Sept. 12, 2005) (inmate's placement in the SMU does not implicate inmate's liberty interests or due process rights since such confinement does not constitute an atypical and significant hardship).

Here, based on the allegations set forth in Plaintiff's second amended complaint, Plaintiff has failed to state a claim related to his segregated confinement. He has failed to set forth any of the restrictions to which he presumably has been subjected in segregation. He has not implicated a liberty interest with respect to this claim, presumably a due process claim that he was wrongfully kept in segregation "for years," because any restrictions in the segregated housing unit do not impose atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. *See Griffin*, 112 F.3d at 706. Further, before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Fletcher-Harlee Corp.*, 482 F.3d at 252. Here, since Plaintiff has failed to state a constitutional violation, amendment would be futile. Notably, Plaintiff has already been given two chances to amend his pleading to conform with the requirements of the Federal Rules of Civil Procedure and 42 U.S.C. § 1983. (*See* Docs. 7 & 10.) He

has clearly failed to do so with respect to this claim related to his placement in segregation and, thus, the court will not permit him to amend his complaint once again.

**B.** **Allegations Against Defendant Captain Strebig - Eighth Amendment Claims - Failure to Protect/Intervene**

In the second amended complaint, Plaintiff claims that four inmates assaulted him after Defendant Captain Strebig informed them of Plaintiff's criminal charges for which he was incarcerated. In their motion to dismiss, Defendants argue that Plaintiff has failed to assert either an Eighth Amendment failure to protect or failure to intervene claim against Defendant Captain Strebig. Defendants also argue that Plaintiff has failed to establish any personal involvement of Defendant Captain Strebig. Upon review, the court agrees that Plaintiff has failed to establish a failure to intervene claim against Defendant Captain Strebig, and will grant the motion to dismiss as to that claim. However, the court will deny the motion to dismiss as to Plaintiff's failure to protect claim in order to afford Plaintiff a final opportunity to restate this claim against Defendant Captain Strebig.

The Eighth Amendment requires a prison official to "take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). While a prison official has a duty to protect prisoners from attacks by other prisoners, not every injury suffered by a prisoner at the

hands of another translates to constitutional liability for the official responsible for the prisoner's safety. *Id.* at 833-34. An inmate making a failure to protect claim has the burden of proof to establish that a prison official both knew of and chose to disregard an "excessive risk to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 837). The Third Circuit Court of Appeals has further held that the knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Id.*; *see Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997).

Turning to Plaintiff's second amended complaint, the court cannot necessarily agree with Defendants that Plaintiff has failed to state a failure to protect claim against Defendant Captain Strebig. Accepting as true Plaintiff's allegation that Defendant Captain Strebig did inform the four inmates who assaulted Plaintiff of Plaintiff's criminal charges prior to the assault, the court seemingly could infer that Defendant Captain Strebig was aware of the significant risk of harm to Plaintiff posed by these four inmates. However, even reading the complaint liberally, without more the court is not willing to make this inferential leap that Defendant Captain Strebig both knew of and disregarded the excessive risk of harm these inmates posed to Plaintiff, thus satisfying Plaintiff's burden of proof for an Eighth Amendment failure to protect

14

claim.  Therefore, the court will afford Plaintiff a final opportunity to state an Eighth Amendment failure to protect claim against Defendant Captain Strebig in an amended complaint.  In so doing, the Court reminds Plaintiff of his burden of proof for establishing such a claim, *see supra*, as well as the standards for filing a complaint, as set forth in the Federal Rules of Civil Procedure, (*see* Docs. 7 & 10) (citing Fed. R. Civ. P. 8).

A similar ruling does not apply to Plaintiff's failure to intervene claim.  "[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so."  *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).  *See also Bistrian v. Levi*, ___ F.3d ___, ___, 2012 WL 4335958, at *14 (3d Cir. Sept. 14, 2012) ("We are hardly breaking new ground by extending [the *Smith v. Mensinger*] standard to inmate-on-inmate attacks.").  Here, Plaintiff has not asserted that Defendant Captain Strebig was in the area or in any position to safely intervene when Plaintiff was assaulted.  Plaintiff has not asserted that Defendant Captain Strebig had knowledge of what the four inmates would do, or that Defendant Captain Strebig had the opportunity to intervene in the assault on Plaintiff.  Without such assertions, Plaintiff has failed state an Eighth Amendment failure to intervene claim against Defendant Captain Strebig.

Because Plaintiff has failed to state an Eighth Amendment claim of failure to intervene against Defendant Captain Strebig, the motion to dismiss will be granted as to this claim. Further, before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Fletcher-Harlee Corp.*, 482 F.3d at 252. Here, since Plaintiff has failed to state a constitutional violation, a third amendment would be futile. Again, the court notes that Plaintiff has already been given two chances to amend his pleading to conform with the requirements of the Federal Rules of Civil Procedure and 42 U.S.C. § 1983. (*See* Docs. 7 & 10.) He has clearly failed to do so with respect to the failure to intervene claim against Defendant Captain Strebig and, thus, the court will not permit him to amend his complaint once again as to this claim.

### C.   Allegations Against Defendant Warden Doll

In his amended complaint, Plaintiff claims that he submitted grievances to Defendant Warden Doll regarding the May 26, 2010 assault and his continued placement in segregation, but "nothing was done." (Doc. 11 at 3.) He further claims that Defendant Warden Doll told him that he would contact the York County District Attorney's Office about the May 26, 2010 assault, but does not state whether this was or was not done. (*Id*.) In their motion to dismiss, Defendants argue that Plaintiff has

16

failed to state a claim of denial of access to the courts.  Upon review, the court agrees with Defendants.

Inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services.  *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977).  The United States Supreme Court in *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under *Bounds*, must demonstrate that a non-frivolous legal claim being pursued in the courts had been frustrated or was being impeded.  A plaintiff must also allege an actual injury to his litigation efforts.  *Id*.

Based on a review of the second amended complaint, the court concludes that Plaintiff has failed to state a claim here.  Specifically, Plaintiff raises no contention that his pursuit of a non-frivolous legal claim was frustrated or impeded due to any conduct attributed to Defendant Warden Doll.  Even assuming as fact that Defendant Warden Doll did tell Plaintiff that he would contact the York County District Attorney's Office about the May 26, 2010 assault, but failed to do so, Plaintiff makes no allegations that Defendant Warden Doll frustrated or otherwise impeded Plaintiff from contacting the District Attorney's Office or the State Police himself.  Accordingly, under the standards announced in *Lewis*, the court finds that Plaintiff has failed to state an access to the courts claim.

Moreover, the court concludes that Plaintiff's allegations that "nothing was done" by Defendant Warden Doll after Plaintiff submitted grievances relating to both the assault and the segregation fail to state a claim. As a general rule, inmates do not have a constitutional right to a prison grievance system. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977); *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Pryor-El v. Kelly*, 892 F. Supp. 261, 275 (D.D.C. 1995) ("Because a prison grievance procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the grievance procedure is not actionable."). Furthermore, it is well established that in a suit brought under 42 U.S.C. § 1983, a defendant must be shown to have had the personal involvement in an alleged constitutional violation, and the doctrine of respondeat superior will not support a finding of liability. *See Rode*, 845 F.2d at 1207. Because civil liability under § 1983 requires personal involvement by a state official in the alleged deprivation of some constitutional right, it is apparent that a mere "allegation

18

that an official ignored a prisoner's letter of protest and request for investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Greenwaldt v. Coughlin*, 93 Civ. 6551, 1995 WL 232736, at \*4 (S.D.N.Y. Apr. 19, 1995). Thus, in a case such as this one, where Defendant Warden Doll's alleged involvement with Plaintiff consists, in part, of a purported failure to respond to Plaintiff's grievances, that "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Gordon v. Vaughn*, No. CIV. A. 99-1511, 1999 WL 305240, at \*2 (E.D. Pa. May 12, 1999). Thus, Plaintiff has failed to state a claim against Defendant Warden Doll with respect to the filing of grievances.

Because Plaintiff has failed to state a claim against Defendant Warden Doll, the motion to dismiss will be granted as to Defendant Warden Doll. Further, before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Fletcher-Harlee Corp.*, 482 F.3d at 252. Here, since Plaintiff has failed to state a constitutional violation, a third amendment would be futile. Again, the court notes that Plaintiff has already been given two chances to amend his pleading to conform with the requirements of the Federal Rules of Civil Procedure and 42 U.S.C. § 1983. (*See* Docs. 7 & 10.) He has clearly failed to do so

19

with respect to this claim against Defendant Warden Doll and, thus, the court will not permit him to amend his complaint once again.

## IV.    Conclusion

For the reasons set forth herein, the motion to dismiss will be granted with respect to Plaintiff's claims relating to his placement in segregation.  Further, the motion to dismiss will be granted as to Defendant Doll, and Warden Doll will be terminated as a party in this action.

The motion to dismiss will be granted as to Plaintiff's claim of failure to intervene against Defendant Captain Strebig.  However, the motion to dismiss will be denied as to Plaintiff's claim of failure to protect against Defendant Captain Strebig, and Plaintiff will be permitted to file a third amended complaint in order to restate this claim against Defendant Captain Strebig.

An appropriate order will issue.

s/Sylvia H. Rambo

United States District Judge

Dated:  November 7, 2012.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK OKEY,** | : | **CIVIL NO. 1:CV-12-00609** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **CPT DANIEL STREBIG, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT**:

1) The motion to dismiss (Doc. 14) is **DENIED** as to the Eighth Amendment

failure to protect claim against Captain Daniel Strebig.

2) Plaintiff shall file an amended complaint on or before December 7, 2012,

restating a failure to protect claim against Captain Daniel Strebig.  Failure to timely

file an amended complaint may result in dismissal of this claim.

3) The motion to dismiss (Doc. 14) is **GRANTED** in all other respects.

4) Warden Doll is terminated as a party in this action.

                            s/Sylvia H. Rambo
                            United States District Judge

Dated:  November 7, 2012.